ERASTUS H. WHITNEY *et al.*

*v.*

JOSEPH ULLMAN.

FEES OF CLERKS, *for keeping indices to their court records — construction of act of 16th February,* 1865. Under the act of 16th of February, 1865, requiring the clerks of the Circuit Courts, and County Courts having common law jurisdiction, to keep indices to their court records, an "entry" consists of all the various items which are required to be placed in each index, the plaintiffs and defendants, in any one case, thus making two "entries," only, in each case — one in the plaintiff's index, and one in the defendant's. And for each of those "entries" the clerks may charge a fee of ten cents, or twenty cents for the two "entries" in each case, and no more.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The facts of this case appear in the opinion of the court.

Messrs. WALKER, SLEEPER & HART, and Mr. JOHN A. JAMESON for the plaintiffs in error.

Mr. C. BECKWITH for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the court:

On the 16th of February, 1865, the General Assembly of this State passed an act entitled "An act requiring the clerks of the Circuit Courts, and County Courts having common law jurisdiction, of the several counties in this State, to keep indexes to their court records."

The first section of this act provides, "That it shall be the duty of the clerks of the Circuit Courts (and County Courts having common law jurisdiction,) of the several counties in this State, to provide two well bound books, to be denominated 'plaintiffs' index to court records,' and 'defendants' index to court records,' to be ruled and printed substantially in the following manner:

| Plaintiffs. | Defendants. | Kind of Action. | Term Commenced. | Record Book. | Pages. |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

| Term Disposed of. | Date of Judgment. | Judgment Docket. | | Execution Docket fi. fa. | | Execution Docket alias. | | Execution Docket pluries. | |
|---|---|---|---|---|---|---|---|---|---|
|  |  | Book. | Page. | Book. | Page. | Book. | Page. | Book. | Page. |
|  |  |  |  |  |  |  |  |  |  |

| Fee Book. | | Certificate of Levy. | | Certificate of Sale. | | Certificate of Redemption. | | Satisfied or not satisfied. | No. of Case. |
|---|---|---|---|---|---|---|---|---|---|
| Book. | Page. | Book. | Page. | Book. | Page. | Book. | Page. |  |  |
|  |  |  |  |  |  |  |  |  |  |

"In which said books, all the cases which shall have been determined in said court within seven years next preceding the passage of said act, and all cases now pending, and which shall hereafter be commenced, shall be entered. Said books shall set forth the names of the parties, kind of action, term commenced, record books and pages on which said cases are recorded, the term disposed of, date of judgment, books and pages of the judgment dockets, execution dockets, fee books,

certificates of levy, sale and redemption, records on which they are entered, satisfied or not satisfied, and No. of case. The defendants' index shall be ruled and printed in the same manner as the plaintiffs', except the parties shall be reversed. And the clerks shall receive a fee of ten cents (10 cts.) for such entry, as provided for in this act, to be paid by the parties in the suit, except for the cases now disposed of, which shall be paid by the Board of Supervisors or County Courts of the several counties in this State; and they are hereby authorized and required to make appropriations for that purpose." Session Laws, 1865, page 79.

The record before us shows that the plaintiffs in error presented to the Circuit Court of Cook county copies of certain cost bills taxed by the clerk of that court against them in a certain cause in which the defendant in error was plaintiff, and they, the plaintiffs in error, were the defendants. The bills showed the costs made by the plaintiff and by the defendants respectively in the cause. On these bills, the plaintiffs in error have marked certain items as objected to, and therefore entered their motion to have the costs retaxed by the court, which motion the court denied. A bill of exceptions was taken to this ruling of the court, and the case brought here by writ of error.

The evidence shows that separate bills of costs were made out in the cause of Erastus H. Whitney *et al.* against Joseph Ullman, in which judgment had been rendered against the plaintiffs for the costs.

In the plaintiffs' bill of costs were the following items taxed against them, to which they objected:

1. Entering No. and title of case, kind of action and term when commenced, in plaintiffs' index,   -  -   10c.

2. Entering book and page of record of judgment, term when disposed of, and date of judgment in same,   -  -  -  -  -  -  -  -  -  -  -  -  -  -  -   10c.

3. Entering book and page of judgment docket,   10c.

4.  Entering book and page of fee books,      - -    10c.
5.  Entering book and page of execution docket,    10c.
6.  Entering satisfaction, - ~ - - - - - - - -    10c.

In the defendant's bill of costs, the same items were charged, as entered in defendant's index, and objected to.

The question is, as to the legality of these several charges, under the act of assembly quoted.

It is said by the defendant in error, that in making the entries relating to cases disposed of, each of the items referred to is copied from a separate book kept by the clerk, as required by law, and is in itself a complete and entire entry. That in the progress of a cause, these entries are made at different times, and in the order of the particular steps requiring them, and each of them is a separate and independent entry of a proceeding in court, and as much so as if it were actually transcribed from a separate book; although the entries in cases pending might be made in all of the different books in the clerk's office at the same time. He then argues, as the entry must be made at the time of the proceeding which it describes, and is, in itself, a complete entry of that proceeding, the proper construction of the law is, that the expression "such entry" means an entry only of such facts as pertain to the proceeding described; and it is not to be supposed the clerk is bound to make *six* entries, each of them separate and distinct, made at different times and of distinct matters, for the fee of ten cents. And he further argues, if it had been intended that but one fee of ten cents should be charged in each case, or ten cents to the plaintiffs, and ten cents to the defendants, the law could have so provided, in express terms, as the laws regulating fees and salaries do in other cases.

The plaintiffs in error contend that the act means nothing more than this: that each case shall be entered twice, once in the plaintiffs' index, and once in the defendants' index, and for such entry in each book a fee of ten cents is chargeable. These entries would, necessarily, be made up, each

of them, of several different items, scattered through the different books the clerk is required to keep, but when collected by him and transferred into these new books, and entered therein, they constitute but one entry in each of those books, for which a fee of ten cents is allowed.

This seems to us the proper construction of the act, and it is strengthened by that clause of the act fixing the compensation of the clerks. That clause declares the clerks shall receive a fee of ten cents for such entry, as provided for in this act, to be paid by the parties in the suit, except for the cases now disposed of, which shall be paid by the Board of Supervisors or County Courts of the several counties, who are required to make appropriations for such purpose. Each entry to be made in these books, if each is composed of six or more items, can be made by a competent clerk in a very few minutes, and the fee of ten cents for each, or twenty cents for both entries, is ample compensation, as can be readily seen, by computing how many of these entries can be made in the business hours of a day, besides attending to the clerk's current business of the day at his office.

The claim set up here, to charge for each item composing an entry, may have originated in the interpolation of the word "each" as the word to be substituted for "such" in the printed act. By what authority this was done, we do not know. Taking the law as it stands, without reading the word "each," as intended for "such," we think it is clear, but one entry was contemplated to be made in each book, and a corresponding charge made therefor of ten cents for each entry, no matter of how many items it may be composed, in each book. The law means simply, that the proceedings in each case shall be entered in each of these books. When entered, they become but one entry, when arranged under the proper heads according to the form prescribed. The law contemplates the entry of each case with the steps taken in it, nothing more.

The court erred, therefore, in disallowing the objections and in refusing to retax the costs, by ordering the objectionable items to be stricken out, and for this error the judgment must be reversed, with instructions to the Circuit Court to allow not more than twenty cents for the entry of the case and the steps in it, in the books required by the act, being ten cents for each entry.

*Judgment reversed.*